[No.-4,177.]

JAMES WELCH v. MICHAEL KENNY.

NOVATION OF DEBT.—If A. sells property to B., for which B. is to pay him a price agreed on, and B. then sells the property to C., who agrees verbally to pay A. what B. owes him, and A., in consideration thereof, releases B., the transaction is not a promise of C. to pay B.'s debt to A. but a novation, and C.'s promise is not required to be in writing.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

About the 1st day of January, 1872, the plaintiff sold to Michael Reddy and John Reddy, a milk route, together with wagons, horses, cans, etc., for twelve hundred dollars. Reddy Brothers paid him four hundred and five-dollars, leaving a balance of seven hundred and ninety-five dollars due. In August, 1872, Reddy Brothers sold to the defendant, who promised the plaintiff verbally to pay him what Reddy Brothers owed him, as a-part of the purchase-price, and the plaintiff thereupon released Reddy Brothers. This action was brought to recover the sum due. The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*M. G. Cobb*, for the Appellant, argued that the promise of the defendant was void under the Statute of Frauds, not having been in writing; and cited Code of Civil Procedure, (Sec. 1973,) and *Ellison* v. *Jackson Water Co.* (12 Cal. 542.)

*G. W. Tyler*, argued that the transaction was a novation; and cited Civil Code (Subdivision 2 of Sec. 1530).

By the Court, McKINSTRY, J.:

The contract between the plaintiff and defendant, followed by the release of the Reddy Brothers, constituted a "novation;" and it was not, on the part of defendant, a mere promise to answer for the "debt, default or miscarriage of another," nor required to be in writing by the Statute of Frauds. (Civil Code, 1530.)

Judgment and order denying new trial affirmed, with ten per cent. damages. Remittitur forthwith.

Mr. Justice RHODES did not express an opinion.